# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 9:23-cv-81515-WM

LIVN WORLDWIDE, LTD., a Mauritius limited company,

    Plaintiff,

v.

OLYMPUSAT HOLDINGS, INC., a Florida corporation; OLYMPUSAT, LLC, a Florida limited liability company; OLYMPUSAT, INC., a Florida corporation; THOMAS MOHLER, an individual; OCEAN NEW MEDIA, LLC, a Florida limited liability company; TUBI INC., a Delaware corporation; PLUTO, INC., a Delaware corporation; CANELA MEDIA, INC. a Delaware corporation; and DOES 1-10,

    Defendants.

## PLAINTIFF'S SECOND AMENDED COMPLAINT

### Jury Trial Demanded

Plaintiff, LIVN Worldwide Ltd. ("LIVN"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

### INTRODUCTION

1. LIVN has an exclusive license to 12 Fiction TV Series Shows (the "TV Series Shows") in multiple countries including North America and Europe.

2. In March 2019, LIVN entered a fixed license fee agreement with Ocean New Media LLC, a wholly owned and operated subsidiary of Olympusat Holdings, Inc. and Olympusat, Inc. (collectively, "Olympusat") which provided Olympusat a license for rights to six of the twelve Fiction TV Series Shows in the United States, United States Territories,

Canada, and Latin America (the "2019 Agreement"). The 2019 Agreement included a license for the TV Shows titled "Martial Universe", "Nothing Gold Can Stay", "Inference Notes," "She is Beautiful," "Legend of Hao Lan" and "I Will Never Let You Go."

3. In October 2021, LIVN entered another fixed license fee agreement with Olympusat that provided Olympusat a license for an additional show titled "The Wolf" in the United States, the United States Territories, Canada, and Latin America (the "2021 Agreement" (collectively with the 2019 Agreement, the "Agreements")).

4. The Agreements each provided a license to distribute, advertise and dub seven of the TV Series Shows (the "Licensed Series") in specific countries (the "Licensed Territories").

5. Olympusat is not authorized to redistribute or sublicense the Licensed Series to third-parties under the 2019 Agreement. Further, the Addendum to the 2021 Agreement specifically provides that the English Dub rights are non-exclusive and not for redistribution or sublicense.

6. Olympusat received master copies of the Licensed Series pursuant to the Agreements.

7. Olympusat wholly owns and operates a web-based streaming service called "FREETV" which provides streaming services to consumers around the World, including within the United States.

8. On or about April 2023, LIVN discovered that FREETV was distributing, streaming, and exploiting unauthorized dubbed versions of five of the Licensed Series outside the Licensed Territories.

9. Olympusat unlawfully sub-licensed the Licensed Series to Defendants Tubi, Pluto, and Canela (defined below) for exploitation on their respective streaming services Tubi TV,

2

Pluto TV, and Canela.TV. Olympusat provided Tubi, Pluto, and Canela with master copies of the Licenses Series, outside of its rights under the Agreements. Canela, Tubi, and Pluto each exploited unauthorized dubbed versions in the United States.

10. On or about May 1, 2023, in light of Olympusat's ongoing breach, LIVN exercised its termination rights regarding the Agreements with Olympusat and provided written notice of such termination to Olympusat.

11. Because LIVN properly exercised its termination rights, the Agreements and license provided to Olympusat were terminated, and LIVN is once again the exclusive owner of the copyrights to the Licensed Series in all territories.

12. Olympusat failed to respond to the termination, and Defendants continue to exploit unauthorized dubbed versions of five of the Licensed Series outside the Licensed Territories and exploit the Licensed Series throughout the Licensed Territories, despite LIVN's proper termination of the Agreements ("Infringing Uses").

13. Further, Olympusat has continued advertising the Licensed Series on their websites outside of the Licensed Territories using LIVN's advertisement materials in an attempt to direct consumers to their platform in violation of LIVN's exclusive rights.

## PARTIES

14. Upon information and belief, Defendant Olympusat Holdings, Inc., is a Florida corporation with headquarters at 477 S. Rosemary Ave., Ste. 306, West Palm Beach, Florida 33401 and wholly owns and operates Olympusat Inc., and Olympusat LLC. Olympusat Holdings, Inc.

15. Upon information and belief, Defendant Olympusat Inc. is a Florida corporation which was registered to do business in the state of California in 2019 and operated out of a business address 337 Barnham Boulevard, Los Angeles, CA 90068.

16. Upon information and belief, Defendant Olympusat, LLC is a Florida limited liability company that is registered to do business in the state of California and operated out of a business address 5141 Cartwright Avenue, North Hollywood CA, 91601.

17. Upon information and belief, all Olympusat entities, Olympusat Holdings, Inc., Olympusat, Inc., and Olympusat LLC (collectively with "Olympusat"), operate out of the same Florida headquarters (collectively with Olympusat Holdings, Inc., "Olympusat") and have at least two executive officers stationed in their California offices.

18. Upon information and belief, Olympusat also wholly owns and does business as Ocean New Media, LLC ("Ocean New Media"), a Florida limited liability company. Upon information and belief Olympusat and Ocean New Media, LLC conduct business in and with the state of California and this District.

19. Upon information and belief, Thomas Mohler is an individual domiciled in Florida and is CEO and owner of Olympusat, and President of Ocean New Media, LLC.

20. Upon information and belief, TUBI, INC. ("Tubi"), is a Delaware corporation headquartered at 315 Montgomery St, San Francisco, CA 94104 with additional offices at 10201 Pico Boulevard, Los Angeles, California 90064 and registered to do business in the state of California.

21. Upon information and belief, PLUTO, INC. ("Pluto"), is a Delaware corporation, with a principal place of business at 700 N San Vicente Blvd Ste G900 West Hollywood, CA 90069, and registered to do business in the state of California.

22. Upon information and belief, CANELA MEDIA, INC. ("Canela"), is a Delaware corporation with a principal place of business at 2715 Palomino Circle, La Jolla, CA 92037 and registered to do business in the state of California.

4

23. Upon information and belief, Defendants Olympusat, Tubi, Pluto, and Canela own and operate streaming services that broadcast, stream, and advertise their content to consumers. Upon information and belief, each of these streaming services is ad-supported and thus receives revenue from advertisers to advertise their service to consumers.

24. On information and belief, Plaintiff alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

25. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

## JURISDICTION AND VENUE

26. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*, and Cal. Civ. Code 3344(a).

27. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

28. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

29. Upon information and belief, Defendants' dubbing, uploading, formatting, and broadcasting related to the infringing activities contained herein took place in the United States and within this District.

30. Upon information and belief, Defendants engage and conduct business within this District by advertising, streaming, and distributing content in this District.

31. Upon information and belief, Defendants' infringing conduct is directed directly towards residents of this District and arises out of conduct occurring in this District.

32. Upon information and belief, Olympusat contracted to sublicense or engaged in infringing activities giving rise to this claim with Tubi, Pluto, and Canela, in this District.

33. Upon information and belief, Tubi, Pluto, and Canela both conduct business in this District and engage in infringing conduct giving rise to the claims herein within this District.

## **CLAIMS RELATED TO PLAINTIFF'S LICENSED SERIES**

34. LIVN is a film and television production and distribution company that provides multi-layered distribution services in addition to owning the exclusive rights to the TV Series Shows in multiple countries. The TV Series Shows are available to consumers through various television and streaming platforms to which LIVN licenses film and television content.

35. To ensure that LIVN continues to offer competitive and compelling content, LIVN entered into the agreements with Ocean New Media and Olympusat allowing for the distribution of a selection of the TV Series Shows in a limited number of countries.

36. The Agreements each provided the same scope of license, which granted Olympusat the right to distribute, advertise, dub, and stream seven of the TV Series Shows in

specific countries. Outside of the Licensed Territories, LIVN remains the exclusive owner of the rights in the Licensed Shows for multiple countries.

37. The Agreements provided Olympusat a license to distribute, stream, and dub the TV Series Shows in the Licensed Territory which is:

> Licensed Territory: United States, Puerto Rico, United States territories and possessions, Canada, and Latin America.

38. The 2019 Agreement defined a Licensed Network as "[a]ny owned, operated, or affiliated network or product offering of Licensee, which shall be understood to include VOD and a la carte program offerings, with 'affiliated' defined as any network or product offering which is under the common control or management, whether in whole or in part of Licensee."

39. Based on information and belief, Pluto TV, Tubi TV, Canela.tv, operated by Pluto, Tubi, and Canela respectively are not Licensed Networks, as defined by the 2019 Agreement, nor affiliates of Olympusat.

40. Olympusat has materially breached the Agreements by distributing, streaming, and exploiting the dubbed versions in both English and Spanish of the Licensed Series outside of the Licensed Territories, specifically, in India, Australia, Europe, United Kingdom, and Africa.

41. Olympusat further materially breached the Agreements by sublicensing the Licensed Series to Tubi, Pluto, and Canela for exploitation on their respective streaming services. Plaintiff believes and alleges Olympusat sublicensed the Licensed Series to Pluto, Tubi, and Canela, despite the Agreements' terms, because these streaming services feature the "Olympusat" logo when the show begins streaming on their respective services.

42. While the 2019 Agreement prohibits any redistribution or sublicensing to third parties, the 2021 Agreement, through an Addendum in April 2022, grants limited English Dub rights to Olympusat only and prohibits redistribution of the same to third parties.

43. Tubi, Pluto, and Canela continue to stream both the English and Spanish titles without authorization and in violation of Plaintiff's copyrights in the United States, Canada, and, in the case of Pluto and Canela, also in Latin America.

44. In light of Olympusat's exploitation of the works outside of the Licensed Territories and unlawful sublicensing of the Licensed Series, LIVN properly exercised its termination rights in accordance with the terms of the Agreements:

> Default: Termination
>
> (a) Default: Any one of the following shall constitute an "Event of Default" under this Agreement": (i) Any representation or warranty made by either party that is or becomes false or misleading in any material respect; (ii) if LICENSOR fails to timely deliver any portion of the Program Titles to LICENSEE and fails to cure such failure within thirty (30) days of the missed delivery date; or (iii) if either party defaults in any material respect in the performance of any other obligation, which default remains uncured after a period of 60 days after the non-defaulting party sends written notice of such default to defaulting party.

45. On May 1, 2023, LIVN provided written notice of its termination of the Agreements to Olympusat and Ocean New Media due to their exploitation of the Licensed Series outside the scope of the Agreements, namely, in territories not authorized by the Agreements.

46. At the time of the initial filing of this case, Defendants had not cured or otherwise stopped the Infringing Uses. Defendants have also continued distributing the Licensed Shows in the Licensed Territories despite the termination of the Agreements.

47. Due to Defendants Infringing Uses distributors of LIVN's content and consumers believe that the Licensed Series were widely available on other services, when, in fact, they should have only been available through LIVN. The most valuable rights to the material i.e., English and Spanish Dubbing Rights have been exploited by Defendants in major countries without authorization. LIVN is now no longer able to exploit the content on its own (of note, LIVN signed agreements (in July 2023) with Comcast and Samsung TV Plus to deploy TV Channels and streaming services in European countries). LIVN has been deprived of the ability to premiere its own shows on its own channels in the English Dub version in lucrative English-speaking markets like the UK, India and Australia. Moreover, LIVN can no longer sell the Exclusive Dub Rights to European or Worldwide broadcasters, who, in most cases, ask for the first-run rights for dub content.

48. Defendants' Infringing Uses have created a perceived lack of exclusivity and devalued LIVN in the eyes of some. Defendants' Infringing Uses have also hampered LIVN's ability to attract and retain subscribers to LIVN's own services. LIVN's exclusive content works as a marketing tool to attract new subscribers to streaming services. But when a viewer searches online for a Licensed Series to watch in a LIVN-exclusive territory and learns that the TV Series Show is available either on LIVN or a third-party service (when it should have only been available on LIVN), that viewer is encouraged not to subscribe to LIVN but instead to use a competing service. A search that should have resulted in LIVN exclusive content and boosted LIVN's subscribers, instead caused LIVN to potentially lose customers.

## THE INFRINGEMENT

49. Because LIVN properly exercised its termination rights in the Agreements, Defendants no longer have a license to distribute the Licensed Series in the Licensed Territories.

50. Defendants continue distributing the Licensed Series in the Licensed Territories despite termination of the Agreements and licenses. This conduct infringes LIVN's exclusive rights to exploit the Licensed Series in the Licensed Territories.

51. LIVN owns the exclusive rights to the Licensed Series in Europe and United Kingdom. LIVN also owns the exclusive rights for certain Licensed Series in India, Africa, and Australia.

52. LIVN further owns the exclusive rights to distribute and stream the English and Spanish dubbed versions of the Licensed Series.

53. The works were first published overseas within the scope of the Berne Convention. As such, the works at issue are exempt from Section 411(a) of the Copyright Act.

54. Olympusat and Ocean New Media have and continue to distribute the dubbed versions of the Licensed Series through its FREETV service throughout India, United Kingdom, Europe, Africa, Australia, United States and Latin America.

55. Defendants are also distributing and streaming the Licensed Series, both Spanish and English dubbed versions, not on Licensed Networks but on Tubi TV, Pluto TV, and Canela.tv, without authorization in the United States, Canada, and in the case of Pluto TV, also in Latin America.

56. LIVN has never authorized Defendants' distribution, streaming, or display of the Licensed Series in India, United Kingdom, Europe, Africa, and Australia. Such conduct infringes LIVN's exclusive rights.

57. Content exclusivity is important to LIVN. LIVN has built its business on offering exclusive content to customers and distributors.

58. Exclusive licenses are extremely valuable to LIVN, not only because they allow the TV Series Shows to be shown only on the LIVN services or on LIVN's approved exclusive licensees' services, but also because they convey an ownership interest which enables LIVN to exclude others from showing, dubbing, advertising, or distributing the TV Series Shows.

59. Defendants' Infringing Uses have caused significant harm to LIVN's reputation and goodwill among consumers and distributors who consider LIVN a source for exclusive programming.

## UNITED STATES PREDICATE ACT

60. The copyright infringement involves predicate acts of infringement taking place in the United States.

61. Upon information and belief, Defendants obtained master copies of the Licensed Series shows pursuant to the Agreements entered into in the United States, which provided Olympusat a license to distribute, dub, and otherwise stream the Licensed Series within the Licensed Territories, including the United States. After the termination of the Agreements, Olympusat continued Infringing Uses of the Licensed Series within the United States, despite the proper termination of the Agreements.

62. Further, upon information and belief, Olympusat and Ocean New Media first engaged in the Infringing Uses by way of dubbing the Licensed Series, copying the Licensed Series, and formatting the Licensed Series in the United States, specifically at its engineering facility in California and Florida with the intent to exploit the Licensed Series abroad.

63. Further, Olympusat first uploaded the Licensed Series, including the unauthorized dubbed versions, to Olympusat's server in the United States, which was thereafter distributed globally.

64. Olympusat carries out all dubbing, formatting, uploading, and broadcasting of shows from its headquarters in Florida and its engineering facility in California.

65. On information and belief, Plaintiff alleges Olympusat violated Plaintiff's rights under 17 U.S.C. 106 by reproducing, distributing, and displaying Plaintiff's copyrighted content in the United States, and creating derivative works from Plaintiff's copyrighted content in the United States, and then relying on and incorporating said infringing acts into further infringement abroad.

66. On information and belief, Plaintiff alleges Olympusat and Ocean New Media contracted with Pluto, Tubi, and Canela and transferred the master copies of the Licensed Series to them for their own exploitation of the Licensed Series on their respective streaming services from their respective United States offices.

67. Defendants' infringements abroad could not occur without and certainly flow from its Infringing Uses in the United States, which include dubbing, uploading, and broadcasting on streaming services offered abroad and in the United States.

68. On information and belief, it is alleged that the ultimate beneficiaries of the Infringing Uses are Defendants, American-based corporations.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against all Defendants, and Each)**

69. LIVN incorporates by reference the preceding paragraphs as if fully set forth herein.

70. LIVN is the exclusive owner of registered copyrights in the TV Series Shows in the United Kingdom, Europe, Australia, Africa (for certain content) and India (for certain content). Accordingly, LIVN holds the exclusive right to distribute, exhibit, stream, and dub the TV Series Shows.

71. Olympusat and Ocean New Media infringed LIVN's rights by distributing, streaming, exhibiting, and dubbing the Licensed Series throughout the United Kingdom, Europe, Australia, Africa and India without LIVN authorization or consent.

72. Tubi, Pluto, and Canela infringed LIVN's rights by distributing, streaming, and exhibiting the Licensed Series throughout the United States without LIVN authorization or consent.

73. At no time has LIVN authorized Defendants Infringing Uses of the Licensed Series.

74. Defendants knew that LIVN was the exclusive owner of the copyrights to the Licensed Series in the United Kingdom, United States, Europe, Australia, and India. Despite that knowledge, Defendants willfully distributed and exploited the Licensed Series.

75. Defendants' Infringing Uses are willful, intentional, purposeful and reckless, in complete disregard of LIVN's rights and has caused substantial damage to LIVN. And such Infringing Uses have continued even after LIVN provided Defendants with notice of such Infringing Uses.

76. Defendants further infringed LIVN's exclusive copyrights in the Licensed Series in the United States, United States territories, Canada, and Latin America by exploiting and distributing the Licensed Series after the proper termination of the Agreements.

77. Defendants continued Infringing Uses constitutes willful, intentional, purposeful and reckless conduct, in complete disregard to LIVN's exclusive rights.

78. Each violation of LIVN's rights in and to each copyrighted TV Series Show constitutes a separate and distinct act of copyright infringement by Defendants. Defendants infringed LIVN's copyrights.

79. As a result of the aforementioned infringement, Plaintiff has suffered actual damages, and Defendants have realized profits attributable to the infringement, in an amount to be established at trial.

## SECOND CLAIM FOR RELIEF

### (For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

80. LIVN repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

81. Defendants are liable as contributory infringer for the Infringing Uses. Defendants knew that infringement occurred and is continuing to occur, and caused, enabled, facilitated and materially contributed to that infringement.

82. Mohler, as CEO and Owner of Olympusat and President of Ocean New Media, knew of the infringement continuing to occur and has caused, enabled, facilitated, and materially contributed to that infringement.

83. Defendants caused, enabled, facilitated, and materially contributed to the infringement by providing access to the masters of the Licensed Shows and authorizing and facilitating the Infringing Uses and continue doing the same.

84. Pursuant to the Agreements, Defendants knew that LIVN owned the exclusive rights to the Licensed Shows and were once more provided notice of such exclusive rights in LIVN's written termination notice.

85. Defendants are vicariously liability because they had the ability to prevent the infringing conduct by refusing to dub, distribute, stream, or otherwise exploit the Licensed Series outside the scope of the Agreements and thereafter cease Infringing Use after being provided notice.

86. LIVN is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting

Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

87. Each violation of LIVN's rights in and to each copyrighted Licensed Series constitutes a separate and distinct act of copyright infringement. Defendants contributorily infringed LIVN's copyrights for the Licensed Series in the Licensed Territories as well as elsewhere, including, the United Kingdom, India, Australia, and Europe.

88. As a result of the aforementioned infringement, Plaintiff has suffered actual damages, and Defendants have realized profits attributable to the infringement, in an amount to be established at trial.

## THIRD CLAIM FOR RELIEF

**(Breach of Contract Against Defendant Ocean New Media and Olympusat)**

89. LIVN repeats, re-alleges, and incorporates herein by reference as though fully set forth herein.

90. The Agreement between LIVN and Ocean New Media are valid and enforceable agreements between the parties.

91. LIVN has performed its obligations under the Agreements in all material respects.

92. The Agreements provided Ocean New Media and its affiliates, specifically, Olympusat, a license to the Licensed Series only within the Licensed Territories for an agreed-upon sum.

93. Ocean and Olympusat breached the Agreements by failing to abide by the relevant terms.

94. LIVN has been injured, and continues to be injured, by Olympusat's material breach of the Agreements. LIVN is entitled to actual, compensatory, and consequential damages in the amount to be proven at trial.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants**

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the TV Series Shows.

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 504, *et seq.*;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, *et seq.*

d. That a trust be entered over all Infringing Uses, and all profits realized through the sales, distribution, exploitation, and dubbing of said TV Series Shows;

e. An award to LIVN of Defendant's profits attributable to its direct, contributory, and vicarious copyright infringement pursuant to 17 U.S.C. § 504(b), including by not limited to, licensing fees collected from third parties for the LIVN-exclusive TV Series Shows it purported to license in violation of LIVN's copyrights and all other profits it stands to gain from its infringement;

f. An award to LIVN of monetary damages equal to LIVN's actual damages caused by Defendants direct, contributory, and vicarious copyright infringement,

    including, but not limited to, lost profits from receiving less in distribution fees, loss of subscribers, loss of good will and reputational harm;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Date:  March 18, 2024      Respectfully submitted,

     */s/ Craig A. Wirth*
     CRAIG A. WIRTH
     Florida Bar No.: 125322
     Craig.wirth@sriplaw.com
     **SRIPLAW, P.A.**
     21301 Powerline Road, Suite 100
     Boca Raton, FL 33433
     561.404.4350 – Telephone
     561.404.4353 – Facsimile

     and

     SCOTT ALAN BURROUGHS
     California Bar No.: 235718 (Pro Hac Vice)
     scott@donigerlawfirm.com
     FRANK R. TRECHSEL
     California Bar No.: 312199 (Pro Hac Vice)
     ftrechsel@donigerlawfirm.com
     **DONIGER / BURROUGHS**
     603 Rose Avenue
     Venice, California 90291

     *Attorneys for Plaintiff LIVN WORLDWIDE, LTD*