UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

LIVN WORLDWIDE, TLD.,
a Mauritius limited company,

      Plaintiff,	Case No. 9:23-cv-81515-DMM

v.

OLYMPUSAT HOLDINGS, INC., a Florida corporation; OLYMPUSAT, LLC, a Florida limited liability company; OLYMPUSAT, INC., a Florida corporation; THOMAS MOHLER, an individual; OCEAN NEW MEDIA, LLC, a Florida limited liability company; TUBI INC., a Delaware corporation; PLUTO, INC., a Delaware corporation; CANELA MEDIA, INC. a Delaware corporation; and DOES 1-10.,

      Defendant.
_____/
_____

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**
_____

Defendant, CANELA MEDIA, INC. ("Defendant"), a Delaware corporation, by and through its undersigned counsel, hereby serves its Answer and Affirmative Defenses to the allegations contained in Plaintiff, LIVN WORLDWIDE, TLD ("LIVN" or "Plaintiff"), Second Amended Complaint, *see e.g.*, *generally,* Doc. 64, and in support thereof, states as follows:

**Answering "Jury Trial Demanded"**

Canela, by and through its undersigned attorney, also hereby requests this honorable Court for jury trial.

## Answering "Introduction"

1. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 1 of the Second Amended Complaint; therefore, the allegations are denied.

2. Canela cannot respond on behalf of Defendant, Olympusat, or any Defendant other than itself. To the extent the allegations contained in paragraph 2 of the Second Amended Complaint are directed to and construed against Canela, Canela denies the allegations contained in paragraph 2 of the Second Amended Complaint.

3. Canela cannot respond on behalf of Defendant, Olympusat, or any Defendant other than itself. To the extent the allegations contained in paragraph 3 of the Second Amended Complaint are directed to and construed against Canela, Canela denies the allegations contained in paragraph 3 of the Second Amended Complaint.

4. Canela cannot respond on behalf of Defendant, Olympusat, or any Defendant other than itself. To the extent the allegations contained in paragraph 4 of the Second Amended Complaint are directed to and construed against Canela, Canela denies the allegations contained in paragraph 4 of the Second Amended Complaint.

5. Canela cannot respond on behalf of Defendant, Olympusat, or any Defendant other than itself. To the extent the allegations contained in paragraph 5 of the Second Amended Complaint are directed to and construed against Canela, Canela denies the allegations contained in paragraph 4 of the Second Amended Complaint.

6. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 6 of the Second Amended Complaint; therefore, the allegations are denied.

7. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 7 of the Second Amended Complaint; therefore, the allegations are denied.

8. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 8 of the Second Amended Complaint; therefore, the allegations are denied.

9. Canela cannot respond on behalf of Defendant, Olympusat, or any Defendant other than itself. To the extent the allegations contained in paragraph 9 of the Second Amended Complaint are directed to and construed against Canela, Canela denies the allegations contained in paragraph 9 of the Second Amended Complaint.

10. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 10 of the Second Amended Complaint; therefore, the allegations are denied.

11. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 11 of the Second Amended Complaint; therefore, the allegations are denied.

12. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 12 of the Second Amended Complaint; therefore, the allegations are denied.

13. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 13 of the Second Amended Complaint; therefore, the allegations are denied.

## Answering "Parties"

14. Canela cannot respond on behalf of Defendant, Olympusat Holdings, Inc., or any other Defendant other than itself. To the extent the allegations contained in paragraph 14 of the Second Amended Complaint are directed to and construed against Canela, Canela denies the allegations as phrased.

15. Canela cannot respond on behalf of Defendant, Olympusat, Inc., or any other Defendant other than itself. To the extent the allegations contained in paragraph 15 of the Second Amended Complaint are directed to and construed against Canela, Canela denies the allegations as phrased.

16. Canela cannot respond on behalf of Defendant, Olympusat, LLC, or any other Defendant other than itself.  To the extent the allegations contained in paragraph 16 of the Second Amended Complaint are directed to and construed against Canela, Canela denies the allegations as phrased.

17. Canela cannot respond on behalf of all Olympusat entities or any other Defendant other than itself.  To the extent the allegations contained in paragraph 17 of the Second Amended Complaint are directed to and construed against Canela, Canela denies the allegations as phrased.

18. Canela cannot respond on behalf of Defendant, Olympusat, other than itself.  To the extent the allegations contained in paragraph 18 of the Second Amended Complaint are directed to and construed against Canela, Canela denies the allegations as phrased.

19. Canela cannot respond on behalf of Defendant, Mohler, or any other Defendant other than itself.  To the extent the allegations contained in paragraph 19 of the Second Amended Complaint are directed to and construed against Canela, Canela denies the allegations as phrased.

20. Canela cannot respond on behalf of Defendant, Tubi, Inc., or any other Defendant other than itself.  To the extent the allegations contained in paragraph 20 of the Second Amended Complaint are directed to and construed against Canela, Canela denies the allegations as phrased.

21. Canela cannot respond on behalf of Defendant, Pluto, Inc., or any other Defendant other than itself.  To the extent the allegations contained in paragraph 21 of the Second Amended Complaint are directed to and construed against Canela, Canela denies the allegations.

22. Canela states that Canela Media, Inc. a Delaware corporation with a principal place of business located at 347 5th Avenue, Suite 1402, New York, NY, 10016, and is registered to do business in New York for jurisdictional purposes only. Otherwise, Defendant denies the remaining allegations and any liability contained in paragraph 22 of the Second Amended Complaint.

23. Canela cannot respond on behalf of Defendants, Olympusat, Tubi, or any other Defendant other than itself. To the extent the allegations contained in paragraph 23 of the Second Amended Complaint are directed to and construed against Canela, Canela states that it operates services that broadcast, stream and advertise content to consumers. Otherwise, Canela denies the remaining allegations and any liability contained in paragraph 23 of the Second Amended Complaint.

24. Canela cannot respond on behalf of "DOE[1]" Defendant other than itself. To the extent the allegations contained in paragraph 24 of the Second Amended Complaint are directed to and construed against Canela, Canela denies such allegations.

25. Canela states that the allegations contained in paragraph 25 of the Second Amended Complaint set forth legal conclusions to which no response is required, and to the extent a response is required, Canela denies such allegations.

## Answering "Jurisdiction and Venue"

26. Canela states that the allegations contained in paragraph 26 of the Second Amended Complaint set forth legal conclusions to which no response is required, but to the extent a response may be deemed required, admits that the Complaint purports to set forth claims for copyright

---

[1] Under federal and Florida law, it is clear that one may not avoid the operations of the statute of the limitations by bringing suit against a "Doe" defendant unless the plaintiff can sufficiently identify the defendant to allow service of process. *See Moulds v. Bullard*, 345 Fed. Appx. 387 (11th Cir. 2009)); *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir.1992); *see also D.B. v. Orange Cty.*, No. 6:13-cv-434-Orl-31DAB, 2013 U.S. Dist. LEXIS 105672, at *2-3 (M.D. Fla. July 26, 2013)(citing *e.g., Grantham v. Blount, Inc.*, 683 So. 2d 538 (Fla. 2d DCA 1996) ("In Florida, the filing of a "John Doe" complaint does not commence an action against a real party nor does it toll the statute of limitations.")).

Plaintiff's description of any "other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to infringement of copyrights, or have engaged in one or more of the wrongful practices alleged herein" is not sufficient to enable the Court to serve the Complain directly upon these "DOE" defendants. Doc. 64 at ¶ 24.

infringement under the Copyright Act, 17 U.S.C. §§ 101, *et. seq.*, and refer all questions of law to this Honorable Court.

27. Canela states that the allegations contained in paragraph 27 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent any of the remaining allegations in paragraph 27 of the Second Amended Complaint are understood to be factual, Canela denies such allegations.

28. Canela refers all questions of law to this Honorable Court and all questions of fact to the trier of fact and confirms the proper venue is the Southern District of Florida, but state the allegations contained in paragraph 28 of the Second Amended Complaint that this Court has jurisdiction over Defendant. To the extent any of the remaining allegations in paragraph 28 of the Second Amended Complaint are understood to be factual, Canela denies such allegations.

29. Canela states that the allegations in paragraph 29 of the Second Amended Complaint contain legal conclusions to which no response is required. Canela cannot respond on behalf of any other Defendant. To the extent any of the remaining allegations in paragraph 29 of the Second Amended Complaint are understood to be factual, Canela denies such allegations.

30. Canela denies the allegations contained in paragraph 30 of the Second Amended Complaint as phrased.

31. Canela states that the allegations contained in paragraph 31 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent any of the remaining allegations in paragraph 31 of the Second Amended Complaint are understood to be factual, Defendant denies such allegations.

32. Canela cannot respond on behalf of Defendants, Tubi, Pluto, or any other Defendant other than itself. To the extent the allegations contained in paragraph 30 of the Second Amended

Complaint are directed to and construed against Canela, Canela states that Canela Media, Inc. advertises, streams, and distributes content within this District.

33. Canela states that the allegations in paragraph 33 of the Second Amended Complaint contain legal conclusions to which no response is required. Canela cannot respond on behalf of Defendants, Tubi, Pluto, or any other Defendant other than itself. To the extent any of the remaining allegations in paragraph 33 of the Second Amended Complaint are understood to be factual, Canela denies such allegations.

### Answering "Claims Related to Plaintiff's Licensed Series"

34. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 34 of the Second Amended Complaint; therefore, the allegations are denied.

35. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 35 of the Second Amended Complaint; therefore, the allegations are denied.

36. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 36 of the Second Amended Complaint; therefore, the allegations are denied.

37. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 37 of the Second Amended Complaint; therefore, the allegations are denied.

38. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 38 of the Second Amended Complaint; therefore, the allegations are denied.

39. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 39 of the Second Amended Complaint regarding the 2019 Agreement; therefore, the allegations are denied. Canela denies the remaining allegations and any liability contained in paragraph 39 of the Second Amended Complaint.

40. Canela lacks sufficient knowledge to admit or deny the allegations contained in

paragraph 40 of the Second Amended Complaint; therefore, the allegations are denied.

41. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 41 of the Second Amended Complaint; therefore, the allegations are denied.

42. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 42 of the Second Amended Complaint; therefore, the allegations are denied.

43. Canela cannot respond on behalf of Defendants, Tubi, or any other Defendant other than itself. To the extent the allegations contained in paragraph 45 of the Second Amended Complaint are directed to and construed against Canela, Canela denies such allegations.

44. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 44 of the Second Amended Complaint; therefore, the allegations are denied. Answering further, Canela cannot respond on behalf of Defendant, Olympusat, or any Defendant other than itself. To the extent the allegations contained in paragraph 44 of the Second Amended Complaint are directed to and construed against Canela, Canela denies such allegations.

45. Canela cannot respond on behalf of Defendants, Olympusat and Ocean New Media, other than itself. To the extent the allegations contained in paragraph 45 of the Second Amended Complaint are directed to and construed against Canela, Canela denies such allegations.

46. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 46 of the Second Amended Complaint; therefore, the allegations are denied. Answering further, Canela cannot respond on behalf of Defendant, Olympusat, or any Defendant other than itself. To the extent the allegations contained in paragraph 46 of the Second Amended Complaint are directed to and construed against Canela, Canela denies such allegations.

47. Canela states that the allegations contained in paragraph 47 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent any of the

remaining allegations in paragraph 47 of the Second Amended Complaint are understood to be factual and directed to and construed against Canela, Canela denies such allegations.

48. Canela states that the allegations contained in paragraph 48 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent any of the remaining allegations in paragraph 48 of the Second Amended Complaint are understood to be factual and directed to and construed against Canela, Canela denies such allegations.

### Answering "The Infringement"

49. Canela states that the allegations contained in paragraph 49 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent any of the remaining allegations in paragraph 49 of the Second Amended Complaint are understood to be factual, Canela denies such allegations.

50. Canela states that the allegations contained in paragraph 50 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent any of the remaining allegations in paragraph 50 of the Second Amended Complaint are understood to be factual, Canela denies such allegations.

51. Canela lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 51 of the Second Amended Complaint; therefore, the allegations are denied.

52. Canela lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 52 of the Second Amended Complaint; therefore, the allegations are denied.

53. Canela states that the allegations contained in paragraph 53 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent any of the

remaining allegations in paragraph 53 of the Second Amended Complaint are understood to be factual, Canela denies such allegations.

54. Canela cannot respond on behalf of Defendants, Olympusat and Ocean New Media, other than itself. To the extent the allegations contained in paragraph 54 of the Second Amended Complaint are directed to and construed against Canela, Canela denies such allegations.

55. Canela cannot respond on behalf of Defendants, Olympusat, Ocean New Media, Pluto, Tubi, or any Defendant other than itself. To the extent the allegations contained in paragraph 55 of the Second Amended Complaint are directed to and construed against Canela, Canela denies such allegations.

56. Canela states that the allegations contained in paragraph 56 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent any of the remaining allegations in paragraph 56 of the Second Amended Complaint are understood to be factual, Canela denies such allegations.

57. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 57 of the Second Amended Complaint; therefore, the allegations are denied.

58. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 58 of the Second Amended Complaint; therefore, the allegations are denied.

59. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 59 of the Second Amended Complaint; therefore, the allegations are denied.

## Answering "United States Predicate Act"

60. Canela refers all questions of law to this Honorable Court and all questions of fact to the trier of fact and states no response is required, but to the extent a response is required to paragraph 60 of the Second Amended Complaint that this Court, the allegations are denied.

61. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 61 of the Second Amended Complaint; therefore, the allegations are denied.

62. Canela cannot respond on behalf of Defendants, Olympusat, Ocean New Media, or any other Defendant other than itself. To the extent the allegations contained in paragraph 62 of the Second Amended Complaint are directed to and construed against Canela, Canela denies such allegations.

63. Canela cannot respond on behalf of Defendant, Olympusat, or any other Defendant other than itself. To the extent the allegations contained in paragraph 63 of the Second Amended Complaint are directed to and construed against Canela, Canela denies such allegations.

64. Canela cannot respond on behalf of Defendant, Olympusat, or any other Defendant other than itself. To the extent the allegations contained in paragraph 64 of the Second Amended Complaint are directed to and construed against Canela, Canela denies such allegations.

65. Canela cannot respond on behalf of Defendant, Olympusat, or any other Defendant other than itself. To the extent the allegations contained in paragraph 65 of the Second Amended Complaint are directed to and construed against Canela, Canela denies such allegations.

66. Canela denies the allegations contained in paragraph 66 of the Second Amended Complaint.

67. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 67 of the Second Amended Complaint; therefore, the allegations are denied.

68. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 68 of the Second Amended Complaint; therefore, the allegations are denied.

**Answering "First Claim for Relief"**
(For Copyright Infringement – Against all Defendant, and Each)

69. Answering paragraph 69 of the Second Amended Complaint, Canela repeats and

incorporates the answers and allegations set forth in paragraphs 1 through 68 above as if fully set forth herein.

70. Canela lacks sufficient knowledge to admit or deny the allegations contained in paragraph 70 of the Second Amended Complaint; therefore, the allegations are denied.

71. Canela cannot respond on behalf of Defendants, Olympusat and Ocean New Media, or any Defendant other than itself. To the extent the allegations contained in paragraph 71 of the Second Amended Complaint are directed to and construed against Canela, Canela denies such allegations.

72. Canela denies the allegations contained in paragraph 72 of the Second Amended Complaint.

73. Canela denies the allegations contained in paragraph 73 of the Second Amended Complaint.

74. Canela denies the allegations contained in paragraph 74 of the Second Amended Complaint.

75. Canela denies the allegations contained in paragraph 75 of the Second Amended Complaint.

76. Canela denies the allegations contained in paragraph 76 of the Second Amended Complaint.

77. Canela denies the allegations contained in paragraph 77 of the Second Amended Complaint.

78. Canela denies the allegations contained in paragraph 78 of the Second Amended Complaint.

79. Canela denies the allegations contained in paragraph 79 of the Second Amended

295084901v.2

Complaint.

## Answering "Second Claim for Relief"
(For Vicarious and/or Contributory Copyright Infringement –
Against All Defendant, and Each)

80. Answering paragraph 80 of the Second Amended Complaint, Canela repeats and incorporates the answers and allegations set forth in paragraphs 1 through 79 above as if fully set forth herein.

81. Canela denies the allegations contained in paragraph 81 of the Second Amended Complaint.

82. Canela cannot respond on behalf of Defendant, Mohler, or any Defendant other than itself. To the extent the allegations contained in paragraph 82 of the Second Amended Complaint are directed to and construed against Canela, Canela denies such allegations.

83. Canela denies the allegations contained in paragraph 83 of the Second Amended Complaint.

84. Canela denies the allegations contained in paragraph 84 of the Second Amended Complaint as phrased.

85. Canela denies the allegations contained in paragraph 85 of the Second Amended Complaint.

86. Canela denies the allegations contained in paragraph 86 of the Second Amended Complaint.

87. Canela denies the allegations contained in paragraph 87 of the Second Amended Complaint.

88. Canela denies the allegations contained in paragraph 88 of the Second Amended Complaint.

**Answering "Third Claim for Relief"**
(Breach of Contract Against Defendant Ocean and Olympusat)

89. Answering paragraph 89 of the Second Amended Complaint, Defendant repeats and incorporates the answers and allegations set forth in paragraphs 1 through 88 above as if fully set forth herein.

90. Canela states that the Third Claim for Relief of Breach of Contract is alleged against Defendant Ocean and Olympusat only, and as such, no response is required by this Defendant. To the extent any of the allegations in paragraph 90 of the Second Amended Complaint are understood to be alleged against Canela, Canela denies such allegations.

91. Canela states that the Third Claim for Relief of Breach of Contract is alleged against Defendant Ocean and Olympusat only, and as such, no response is required by this Defendant. To the extent any of the allegations in paragraph 91 of the Second Amended Complaint are understood to be alleged against Canela, Canela denies such allegations.

92. Canela states that the Third Claim for Relief of Breach of Contract is alleged against Defendant Ocean and Olympusat only, and as such, no response is required by this Defendant. To the extent any of the allegations in paragraph 92 of the Second Amended Complaint are understood to be alleged against Canela, Canela denies such allegations.

93. Canela states that the Third Claim for Relief of Breach of Contract is alleged against Defendant Ocean and Olympusat only, and as such, no response is required by this Defendant. To the extent any of the allegations in paragraph 93 of the Second Amended Complaint are understood to be alleged against Canela, Canela denies such allegations.

94. Canela states that the Third Claim for Relief of Breach of Contract is alleged against Defendant Ocean and Olympusat only, and as such, no response is required by this Defendant. To the extent any of the allegations in paragraph 93 of the Second Amended Complaint are understood

to be alleged against Canela, Canela denies such allegations.

### Answer to "Prayer for Relief"

The Prayer for Relief does not require a response. To the extent any response is deemed required, Defendant denies that Plaintiff should be granted any of the relief requested in paragraphs (a)–(i).

### AFFIRMATIVE DEFENSES

Canela denies any allegation not specifically admitted herein. Canela state the following separate and affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

1. Plaintiff fails to state a cause of action for which relief can be granted because the Second Amended Complaint, and each of the causes of action set forth therein, fail to allege facts sufficient to state a claim for which relief can be granted against Canela.

### SECOND AFFIRMATIVE DEFENSE
(Failure to Mitigate)

2. Plaintiff's claims are barred, and or should be limited, in whole or in part due to Plaintiff's failure to mitigate its own damages.

### THIRD AFFIRMATIVE DEFENSE
(Unjust Enrichment)

3. Plaintiff is barred from recovery in whole or in part because Plaintiff would be unjustly enriched if Plaintiff is permitted to recover on the Second Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE
(License)

4. Each of the claims in the Second Amended Complaint, in whole or in part, is barred by the licensed conveyed by Olympusat to Canela.

### FIFTH AFFIRMATIVE DEFENSE
(Good Faith)

5. Canela acted in good faith and without intent to infringe.

### SIXTH AFFIRMATIVE DEFENSE
(17 U.S.C. §101 *et seq.*)

6. Canela reserves the right to rely on any and all judicially recognized defenses under the Copyright Act of 1976, Title 17, U.S.C. §101, *et seq*.

### SEVENTH AFFIRMATIVE DEFENSE
(Excuse)

7. Plaintiff's claims are barred, in whole or in part, because they are based on acts that are or were privileged and/or justified and/or excused, and therefore are not actionable.

### EIGHTH AFFIRMATIVE DEFENSE
(Unclean Hands)

8. Plaintiff's claims are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE
(Lack of Subject Matter Jurisdiction)

9. The Complaint is barred, in whole or in part, for lack of subject matter jurisdiction to the extent Plaintiff lacks valid registrations of copyrights alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE
(Copyright Abandonment)

10. The Complaint is barred, in whole or in part, to the extent Plaintiff has forfeited or abandoned copyrights or failed to comply with necessary formalities.

### ELEVENTH AFFIRMATIVE DEFENSE
(No Attorneys' Fees)

11. Plaintiff fails to state facts sufficient to permit recovery of attorney's fees.

## **TWELFTH AFFIRMATIVE DEFENSE**
(Reservation to Amend)

12. Canela hereby gives notice that it intends to rely upon any other defense or claim that may become available or appear during the discovery proceedings and hereby reserve its right to amend its Answer and/or Counterclaim to assert any such claim or defense.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant, CANELA MEDIA, INC. prays for relief as follows:

1. That the Second Amended Complaint be dismissed, with prejudice and in its entirety as to Defendant;

2. That Plaintiff take nothing by this action, and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be found a prevailing party and awarded its reasonable attorneys' fees and costs incurred in defending this action pursuant to 17 U.S.C. §505; and

4. That Defendant be granted such other and further relief as the Court may deem just and proper.

Dated: April 10, 2024        **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP.**

By:   */s/ Jura C. Zibas*
Jura C. Zibas, Esq.
Florida Bar No.: 124571
2063 Main Street - Suite 100
Sarasota, FL  34237
Telephone:  941-866-8561
Fax:          941-210-5979
Jura.Zibas@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Leia V. Leitner, Esq.
Florida Bar No:  0105621

17

        111 N. Orange Avenue, Suite 1200
        Orlando, Florida 32801
        Telephone:  407-423-7287
        Fax:            407-648-1376
        Leia.leitner@wilsonelser.com
        Alejandra.Boscan@wilsonelser.com

*Attorney for Defendant,*
*Canela Media, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10, 2024, I filed the foregoing document with the Clerk of the Court via CM/ECF and the CM/ECF system, which will send a notice of electronic filing to all counsel and parties of record.

        Scott Alan Burroughs
        California Bar 235718 (Pro Hac Vice)
        Frank R. Trechsel
        California Bar 312199 (Pro Hac Vice)
        DONIGER / BURROUGHS PLC
        603 Rose Avenue
        Venice, California 90291
        scott@donigerlawfirm.com
        ftrechsel@donigerlawfirm.com

        -   AND -

        Joel Benjamin Rothman
        Florida Bar No. 98220
        Craig Anthony Wirth
        SRIPLAW, P.A.
        21301 Powerline Road
        Suite 100
        Boca Raton, FL 33433
        561-404-4350
        Fax: 561-404-4353
        craig.wirth@sriplaw.com
        joel.rothman@sriplaw.com
        *Attorney for Plaintiff*
        *LIVN WORLDWIDE, TLD*

        */s/ Jura C. Zibas*
        Jura C. Zibas, Esq.

295084901v.2