## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

LIVN WORLDWIDE, LTD.,
a Mauritius limited company,

          Plaintiff,                         Case No. 9:23-cv-81515-DMM

v.

OLYMPUSAT HOLDINGS, INC., a Florida
corporation; OLYMPUSAT, LLC, a Florida
limited liability company; OLYMPUSAT, INC., a
Florida corporation; THOMAS MOHLER, an
individual; OCEAN NEW MEDIA, LLC, a
Florida limited liability company; TUBI INC., a
Delaware corporation; PLUTO, INC., a Delaware
corporation; CANELA MEDIA, INC., a Delaware
corporation; and DOES 1-10
                 Defendants.
_____/
_____

### DEFENDANT TUBI, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT
_____

Defendant, TUBI, INC. ("Tubi" or "Defendant"), a Delaware corporation, by and through its undersigned counsel, hereby serves its Answer and Affirmative Defenses to the allegations contained in Plaintiff, LIVN WORLDWIDE, LTD's ("LIVN" or "Plaintiff"), Second Amended Complaint, *see e.g.*, *generally,* Doc. 64, and in support thereof, states as follows:

### Answering "Jury Trial Demanded"

Tubi, by and through its undersigned attorney, also hereby requests this Honorable Court for a jury trial for all triable issues.

### Answering "Introduction"

1.      Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 1 of the Second Amended Complaint; therefore, the allegations are denied.

2.      Tubi cannot respond on behalf of Defendant, Olympusat, or any other Defendant other than itself.  To the extent the allegations contained in paragraph 2 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi denies the allegations contained in paragraph 2 of the Second Amended Complaint.

3.      Tubi cannot respond on behalf of Defendant, Olympusat, or any other Defendant other than itself. To the extent the allegations contained in paragraph 3 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi denies the allegations contained in paragraph 3 of the Second Amended Complaint.

4.      Tubi cannot respond on behalf of Defendant, Olympusat, or any Defendant other than itself.  To the extent the allegations contained in paragraph 4 of the Second Amended Complaint are directed to and construed against Tubi, Tubi denies the allegations contained in paragraph 4 of the Second Amended Complaint.

5.      Tubi cannot respond on behalf of Defendant, Olympusat, or any other Defendant other than itself. To the extent the allegations contained in paragraph 5 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 of the Second Amended Complaint.

6.      Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of the Second Amended Complaint; therefore, the

295433523v.2

allegations are denied.

7.      Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of the Second Amended Complaint; therefore, the allegations are denied.

8.      Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Second Amended Complaint; therefore, the allegations are denied.

9.      Tubi cannot respond on behalf of Defendant, Olympusat, or any other Defendant other than itself. To the extent the allegations contained in paragraph 9 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Second Amended Complaint.

10.      Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the Second Amended Complaint; therefore, the allegations are denied.

11.      Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 of the Second Amended Complaint; therefore, the allegations are denied.

12.      Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of the Second Amended Complaint; therefore, the allegations are denied.

13.      Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 of the Second Amended Complaint; therefore, the allegations are denied.

295433523v.2

**Answering "Parties"**

14.     Tubi cannot respond on behalf of Tubi, Olympusat Holdings, Inc., or any other Defendant other than itself.  To the extent the allegations contained in paragraph 14 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi lacks sufficient knowledge or information to admit or deny the allegations as phrased.

15.     Tubi cannot respond on behalf of Tubi, Olympusat, Inc., or any other Defendant other than itself.  To the extent the allegations contained in paragraph 15 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi lacks sufficient knowledge or information to admit or deny the allegations as phrased.

16.     Tubi cannot respond on behalf of Tubi, Olympusat, LLC, or any other Defendant other than itself.  To the extent the allegations contained in paragraph 16 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi lacks sufficient knowledge or information to admit or deny the allegations as phrased.

17.     Tubi cannot respond on behalf of all Olympusat entities or any other Defendant other than itself.  To the extent the allegations contained in paragraph 17 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi lacks sufficient knowledge or information to admit or deny the allegations as phrased.

18.     Tubi cannot respond on behalf of Defendant, Olympusat, or any other Defendant other than itself.  To the extent the allegations contained in paragraph 18 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi lacks sufficient knowledge or information to admit or deny the allegations as phrased.

19.     Tubi cannot respond on behalf of Defendant, Mohler, or any other Defendant other than itself. To the extent the allegations contained in paragraph 19 of the

Second Amended Complaint are directed to and construed against this Tubi, Tubi lacks sufficient knowledge or information to admit or deny the allegations as phrased.

20.     Tubi states that Tubi, Inc. is a Delaware corporation with offices located at 10201 Pico Blvd., Los Angeles, California, and is registered to do business in the state of California for jurisdictional purposes only. Answering further, Tubi denies all remaining allegations and any liability contained in paragraph 20 of the Second Amended Complaint.

21.     Tubi cannot respond on behalf of Defendant, Pluto, or any other Defendant other than itself. To the extent the allegations contained in paragraph 21 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi denies the allegations.

22.     Tubi cannot respond on behalf of Defendant, Canela, or any other Defendant other than itself.  To the extent the allegations contained in paragraph 22 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi lacks sufficient knowledge or information to admit or deny the allegations as phrased.

23.     Tubi cannot respond on behalf of Defendants Olympusat, Pluto, and Canela or any other Defendant other than itself.  To the extent the allegations contained in paragraph 23 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi states that it owns and operates services that broadcast, stream and advertise content to consumers.  Otherwise, Tubi denies the remaining allegations as phrased and any liability contained in paragraph 23 of the Second Amended Complaint.

24.     Tubi cannot respond on behalf of "DOE[1]" Defendant other than itself.  To

---

[1] Under federal and Florida law, it is clear that one may not avoid the operations of the statute of the limitations by bringing suit against a "Doe" defendant unless the plaintiff can

the extent the allegations contained in paragraph 24 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi denies such allegations.

25.     Tubi states that the allegations contained in paragraph 25 of the Second Amended Complaint set forth legal conclusions to which no response is required, and to the extent a response is required, Tubi denies such allegations.

### Answering "Jurisdiction and Venue"

26.     Tubi states that the allegations contained in paragraph 26 of the Second Amended Complaint set forth legal conclusions to which no response is required, but to the extent a response may be deemed required, admits that the Complaint purports to set forth claims for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et. seq.*, and refer all questions of law to this Honorable Court.

27.     Tubi states that the allegations contained in paragraph 27 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent any of the remaining allegations in paragraph 27 of the Second Amended Complaint are understood to be factual, Tubi denies such allegations.

28.     Tubi refers all questions of law to this Honorable Court and all questions of fact to the trier of fact and confirms the proper venue is the Southern District of Florida

---

sufficiently identify the defendant to allow service of process. *See Moulds v. Bullard*, 345 Fed. Appx. 387 (11th Cir. 2009)); *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir.1992); *see also D.B. v. Orange Cty*., No. 6:13-cv-434-Orl-31DAB, 2013 U.S. Dist. LEXIS 105672, at *2-3 (M.D. Fla. July 26, 2013)(citing *e.g., Grantham v. Blount, Inc.*, 683 So. 2d 538 (Fla. 2d DCA 1996) ("In Florida, the filing of a "John Doe" complaint does not commence an action against a real party nor does it toll the statute of limitations.")).

Plaintiff's description of any "other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to infringement of copyrights, or have engaged in one or more of the wrongful practices alleged herein" is not sufficient to enable the Court to serve the Complain directly upon these "DOE" defendants.  Doc. 64 at ¶ 24.

295433523v.2

but states the allegations contained in paragraph 28 of the Second Amended Complaint that this Court has jurisdiction over Tubi.  To the extent any of the remaining allegations in paragraph 28 of the Second Amended Complaint are understood to be factual, Tubi denies such allegations.

29.     Tubi states that the allegations contained in paragraph 29 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent any of the remaining allegations in paragraph 29 of the Second Amended Complaint are understood to be factual, Tubi denies such allegations.

30.     Tubi cannot respond on behalf of Defendant, Pluto, or any other Defendant other than itself.  To the extent the allegations contained in paragraph 30 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi states that Tubi, Inc. streams content within this District. Tubi denies all remaining allegations as phrased.

31.     Tubi states that the allegations contained in paragraph 31 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent any of the remaining allegations in paragraph 31 of the Second Amended Complaint are understood to be factual, Tubi denies such allegations.

32.     Tubi states that the allegations in paragraph 32 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent any of the remaining allegations in paragraph 32 of the Second Amended Complaint are understood to be factual, Tubi denies such allegations.

33.     Tubi states that the allegations in paragraph 33 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent any of the remaining allegations in paragraph 33 of the Second Amended Complaint are

understood to be factual, Tubi denies such allegations.

**Answering "Claims Related to Plaintiff's Licensed Series"**

34.     Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 34 of the Second Amended Complaint; therefore, the allegations are denied.

35.     Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 35 of the Second Amended Complaint as to whether LIVN entered into licensing agreements with media and management firms other than Tubi; therefore, the allegations are denied.

36.     Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 36 of the Second Amended Complaint; therefore, the allegations are denied.

37.     Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 37 of the Second Amended Complaint; therefore, the allegations are denied.

38.     Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 38 of the Second Amended Complaint; therefore, the allegations are denied.

39.     Tubi states that the 2019 Agreement speaks for itself. Otherwise, Tubi denies the remaining allegations and any liability contained in paragraph 39 of the Second Amended Complaint.

40.     Tubi cannot respond on behalf of Defendant, Olympusat, other than itself. To the extent the allegations contained in paragraph 40 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi denies such allegations.

295433523v.2

41.     Tubi cannot respond on behalf of Defendant, Olympusat, other than itself. To the extent the allegations contained in paragraph 41 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi denies such allegations.

42.     Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 42 of the Second Amended Complaint regarding the 2019 Agreement and 2021 Agreement; therefore, the allegations are denied.  Tubi denies all remaining allegations and any liability contained in paragraph 42 of the Second Amended Complaint.

43.     Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 43 of the Second Amended Complaint regarding the 2019 Agreement and 2021 Agreement; therefore, the allegations are denied.  Tubi denies all remaining allegations and any liability contained in paragraph 43 of the Second Amended Complaint.

44.     Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 44 of the Second Amended Complaint regarding the 2019 Agreement and 2021 Agreement; therefore, the allegations are denied. Tubi denies all remaining allegations and any liability contained in paragraph 44 of the Second Amended Complaint.

45.     Tubi cannot respond on behalf of Defendant, Olympusat, Ocean New Media, or any other Defendant other than itself.  To the extent the allegations contained in paragraph 45 of the Second Amended Complaint are directed to and construed against Tubi, Tubi denies such allegations.

46.     Tubi denies the allegations contained in paragraph 46 of the Second Amended Complaint.

295433523v.2

47.     Tubi states that the allegations contained in paragraph 47 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent any of the remaining allegations in paragraph 47 of the Second Amended Complaint are understood to be factual, Tubi denies such allegations.

48.     Tubi states that the allegations contained in paragraph 48 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent any of the remaining allegations in paragraph 48 of the Second Amended Complaint are understood to be factual, Tubi denies such allegations.

## Answering "The Infringement"

49.     Tubi states that the allegations contained in paragraph 49 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent any of the remaining allegations in paragraph 49 of the Second Amended Complaint are understood to be factual, Tubi denies such allegations.

50.     Tubi states that the allegations contained in paragraph 50 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent any of the remaining allegations in paragraph 50 of the Second Amended Complaint are understood to be factual, Tubi denies such allegations.

51.     Tubi lacks sufficient knowledge or information or information to admit or deny the allegations contained in paragraph 51 of the Second Amended Complaint; therefore, the allegations are denied.

52.     Tubi lacks sufficient knowledge or information or information to admit or deny the allegations contained in paragraph 52 of the Second Amended Complaint; therefore, the allegations are denied.

53.     Tubi state that the allegations contained in paragraph 53 of the Second

295433523v.2

Amended Complaint contain legal conclusions to which no response is required. To the extent any of the remaining allegations in paragraph 53 of the Second Amended Complaint are understood to be factual, Tubi denies such allegations.

54.     Tubi cannot respond on behalf of Defendants, Olympusat and Ocean New Media, or any other Defendant other than itself. To the extent the allegations contained in paragraph 54 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi denies such allegations.

55.     Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 55 of the Second Amended Complaint.

56.     Tubi state that the allegations contained in paragraph 56 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent any of the remaining allegations in paragraph 56 of the Second Amended Complaint are understood to be factual, Tubi denies such allegations.

57.     Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 57 of the Second Amended Complaint; therefore, the allegations are denied.

58.     Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 58 of the Second Amended Complaint; therefore, the allegations are denied.

59.     Tubi lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 59 of the Second Amended Complaint; therefore, the allegations are denied.

### Answering "United States Predicate Act"

60.     Tubi refers all questions of law to this Honorable Court and all questions of

fact to the trier of fact and states no response is required, but to the extent a response is required to paragraph 60 of the Second Amended Complaint that this Court, the allegations are denied.

61.     Tubi refers all questions of law to this Honorable Court and all questions of fact to the trier of fact and states no response is required, but to the extent a response is required to paragraph 61 of the Second Amended Complaint that this Court, the allegations are denied.

62.     Tubi cannot respond on behalf of Defendants, Olympusat and Ocean New Media, other than itself.  To the extent the allegations contained in paragraph 62 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi lacks sufficient knowledge or information to admit or deny, and therefore denies such allegations.

63.     Tubi cannot respond on behalf of Tubi, Olympusat, other than itself.  To the extent the allegations contained in paragraph 63 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi lacks sufficient knowledge or information to admit or deny, and therefore denies such allegations.

64.     Tubi cannot respond on behalf of Defendant, Olympusat, other than itself. To the extent the allegations contained in paragraph 64 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi lacks sufficient knowledge or information to admit or deny, and therefore denies such allegations.

65.     Tubi cannot respond on behalf of Defendant, Olympusat, other than itself. To the extent the allegations contained in paragraph 65 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi lacks sufficient knowledge or information to admit or deny, and therefore denies such allegations.

66.     Tubi cannot respond on behalf of Defendant, Olympusat, other than itself. Tubi lacks sufficient knowledge or information to admit or deny, and therefore denies the allegations contained in paragraph 66 of the Second Amended Complaint.

67.     Paragraph 67 contains legal conclusions to which no response is required. To the extent a response is required, Tubi denies the allegations contained in paragraph 67 of the Second Amended Complaint.

68.     Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is required, Tubi denies the allegations contained in paragraph 68 of the Second Amended Complaint as phrased.

**Answering "First Claim for Relief"**
(For Copyright Infringement – Against all Defendant, and Each)

69.     Answering paragraph 69 of the Second Amended Complaint, Tubi repeats and incorporates the answers and allegations set forth in paragraphs 1 through 68 above as if fully set forth herein.

70.     Paragraph 70 contains legal conclusions to which no response is required. To the extent a response is required, Tubi lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the allegations contained in paragraph 70 of the Second Amended Complaint.

71.     Paragraph 71 contains legal conclusions to which no response is required. To the extent a response is required, Tubi cannot respond on behalf of Defendants, Olympusat, Ocean New Media, or any other Defendant other than itself. To the extent the allegations contained in paragraph 71 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi denies such allegations.

72.     Paragraph 72 contains legal conclusions to which no response is required.

Tubi cannot respond on behalf of Defendant, Olympusat, other than itself. To the extent a response is required, Tubi denies the allegations contained in paragraph 72 of the Second Amended Complaint.

73.    Paragraph 73 contains legal conclusions to which no response is required. Tubi cannot respond on behalf of Defendant, Olympusat, other than itself. To the extent a response is required, Tubi denies the allegations contained in paragraph 73 of the Second Amended Complaint.

74.    Paragraph 74 contains legal conclusions to which no response is required. To the extent a response is required, Tubi denies the allegations contained in paragraph 74 of the Second Amended Complaint.

75.    Paragraph 75 contains legal conclusions to which no response is required. To the extent a response is required, Tubi denies the allegations contained in paragraph 75 of the Second Amended Complaint.

76.    Paragraph 76 contains legal conclusions to which no response is required. To the extent a response is required, Tubi denies the allegations contained in paragraph 76 of the Second Amended Complaint.

77.    Paragraph 77 contains legal conclusions to which no response is required. To the extent a response is required, Tubi denies the allegations contained in paragraph 77 of the Second Amended Complaint.

78.    Paragraph 78 contains legal conclusions to which no response is required. To the extent a response is required, Tubi denies the allegations contained in paragraph 78 of the Second Amended Complaint.

79.    Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, Tubi denies the allegations contained in paragraph

295433523v.2

79 of the Second Amended Complaint.

**Answering "Second Claim for Relief"**
(For Vicarious and/or Contributory Copyright Infringement –
Against All Defendant, and Each)

80.     Answering paragraph 80 of the Second Amended Complaint, Tubi repeats and incorporates the answers and allegations set forth in paragraphs 1 through 79 above as if fully set forth herein.

81.     Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is required, Tubi denies the allegations contained in paragraph 81 of the Second Amended Complaint.

82.     Paragraph 82 contains legal conclusions to which no response is required. To the extent a response is required, Tubi cannot respond on behalf of Defendant, Mohler, other than itself. To the extent the allegations contained in paragraph 82 of the Second Amended Complaint are directed to and construed against this Tubi, Tubi denies such allegations.

83.     Paragraph 83 contains legal conclusions to which no response is required. To the extent a response is required, Tubi denies the allegations contained in paragraph 83 of the Second Amended Complaint.

84.     Paragraph 84 contains legal conclusions to which no response is required. To the extent a response is required, Tubi denies the allegations contained in paragraph 84 of the Second Amended Complaint as phrased.

85.     Paragraph 85 contains legal conclusions to which no response is required. To the extent a response is required, Tubi denies the allegations contained in paragraph 85 of the Second Amended Complaint.

86.     Paragraph 86 contains legal conclusions to which no response is required.

295433523v.2

To the extent a response is required, Tubi denies the allegations contained in paragraph 86 of the Second Amended Complaint.

87.     Paragraph 87 contains legal conclusions to which no response is required. To the extent a response is required, Tubi denies the allegations contained in paragraph 87 of the Second Amended Complaint.

88.     Paragraph 88 contains legal conclusions to which no response is required. To the extent a response is required, Tubi denies the allegations contained in paragraph 88 of the Second Amended Complaint.

**Answering "Third Claim for Relief"**
(Breach of Contract Against Defendant Ocean and Olympusat)

89.     Answering paragraph 89 of the Second Amended Complaint, Tubi repeats and incorporates the answers and allegations set forth in paragraphs 1 through 88 above as if fully set forth herein.

90.     Tubi states that the allegations contained in paragraph 90 of the Second Amended Complaint contain legal conclusions to which no response is required. Paragraph 90 contains legal conclusions to which no response is required.  To the extent any of the remaining allegations in paragraph 90 of the Second Amended Complaint are understood to be factual, Tubi denies such allegations.

91.     Tubi states that the Third Claim for Relief of Breach of Contract is alleged against Defendant Ocean and Olympusat only, and as such, no response is required by Tubi.  Paragraph 91 contains legal conclusions to which no response is required.  To the extent any of the allegations in paragraph 91 of the Second Amended Complaint are understood to be alleged against Tubi, Tubi denies such allegations.

92.     Tubi states that the Third Claim for Relief of Breach of Contract is alleged

295433523v.2

against Defendant Ocean and Olympusat only, and as such, no response is required by Tubi.  Paragraph 92 contains legal conclusions to which no response is required.  To the extent any of the allegations in paragraph 92 of the Second Amended Complaint are understood to be alleged against Tubi, Tubi denies such allegations.

93.    Tubi states that the Third Claim for Relief of Breach of Contract is alleged against Defendant Ocean and Olympusat only, and as such, no response is required by Tubi.  Paragraph 93 contains legal conclusions to which no response is required.   To the extent any of the allegations in paragraph 93 of the Second Amended Complaint are understood to be alleged against Tubi, Tubi denies such allegations.

94.    Tubi states that the Third Claim for Relief of Breach of Contract is alleged against Defendant Ocean and Olympusat only, and as such, no response is required by Tubi.  To the extent any of the allegations in paragraph 94 of the Second Amended Complaint are understood to be alleged against Tubi, Tubi denies such allegations.

## Answering "Prayer For Relief"

The Prayer for Relief does not require a response. To the extent any response is deemed required, Tubi denies that Plaintiff should be granted any of the relief requested in paragraphs (a)–(i).

## AFFIRMATIVE DEFENSES

Tubi denies any allegation not specifically admitted herein. Tubi states the following separate and affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

1.      Plaintiff fails to state a cause of action for which relief can be granted because the Second Amended Complaint and each of the causes of action set forth therein fail to allege facts sufficient to state a claim for which relief can be granted against the Tubi.

### SECOND AFFIRMATIVE DEFENSE
(Fair Use)

2.      Plaintiff's claims are barred in whole or in part by fair use.

### THIRD AFFIRMATIVE DEFENSE
(Failure to Mitigate)

3.      Plaintiff's claims are barred and or should be limited, in whole or in part, due to Plaintiff's failure to mitigate its own damages.

### FOURTH AFFIRMATIVE DEFENSE
(Unjust Enrichment)

4.      Plaintiff is barred from recovery in whole or in part because Plaintiff would be unjustly enriched if Plaintiff is permitted to recover on the Second Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE
(Good Faith)

5.      Tubi acted in good faith and without intent to infringe.

### SIXTH AFFIRMATIVE DEFENSE
(17 U.S.C. §101 *et seq.*)

6.      Tubi reserves the right to rely on any and all judicially recognized defenses under the Copyright Act of 1976, Title 17, U.S.C. §101, *et seq*.

295433523v.2

## SEVENTH AFFIRMATIVE DEFENSE
### (Excuse)

7.     Plaintiff's claims are barred, in whole or in part, because they are based on acts that are or were privileged, justified, and/or excused and, therefore, are not actionable.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

8.     Plaintiff's claims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Attach Documents)

9.     Plaintiff failed to attach any contract to the Second Amended Complaint, which would substantiate the existence of any contract it intends to rely upon for its Third Claim for Relief.

10.     Specifically, Plaintiff failed to attach the following documents: the 2019 Agreement, its amendments, and the 2021 Agreement, and its amendments, to the Second Amended Complaint:

- Program Licensing Agreement between Ocean New Media, LLC and LIVN Worldwide, Ltd. executed on or around March 31, 2019.

- Amendment No. 1 to Program Licensing Agreement between Ocean New Media, LLC and LIVN Worldwide, Ltd. executed on July 18, 2019.

- Amendment 2 to Program Licensing Agreement between Ocean New Media, LLC and LIVN Worldwide, Ltd. executed on July 21, 2021.

- Program Licensing Agreement between Ocean New Media, LLC and LIVN Worldwide, Ltd. executed on October 21, 2021.

- Amendment 1 to Program Licensing Agreement between Ocean New Media, LLC and LIVN Worldwide, Ltd. executed on  April 19, 2022.

- Amendment 2 to Program Licensing Agreement between Ocean New Media, LLC and LIVN Worldwide, Ltd. effective as of May 26, 2022.

295433523v.2

## TENTH AFFIRMATIVE DEFENSE
(Statute of Limitation)

11.   Plaintiff's copyright infringement claims are barred in whole or in part for failure to bring this action before the expiration of the applicable statute of limitations. *See* 17 U.S.C. § 507(b).

## ELEVENTH AFFIRMATIVE DEFENSE
(Stipulation for Dismissal/Bad Faith)

12.   Plaintiff's claims are barred in whole or in part based on the parties' Stipulation of Dismissal of Fox Entertainment (erroneously named for Tubi, Inc.), *see e.g.*, Doc. 26, filed on November 22, 2023.  Plaintiff further agreed not to include Tubi based on an indemnification agreement between Olympusat and Tubi.

## TWELFTH AFFIRMATIVE DEFENSE
(License)

13.   Each of the claims in the Second Amended Complaint, in whole or in part, is barred by the licensed conveyed by Olympusat to Tubi.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Estoppel)

14.   Plaintiff's Complaint is barred in whole or in part, by the equitable doctrines of acquiescence and/or estoppel.

## FOURTEENTH  AFFIRMATIVE DEFENSE
(No Attorneys' Fees)

15.   Plaintiff fails to state facts sufficient to permit recovery of attorney's fees.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Lack of Standing)

16.   The plaintiff lacks standing to bring its claims against Tubi given that Plaintiff is aware that Tubi tendered its defense to Olympusat Holdings, Inc., Olympusat

LLC, Olympusat, Inc., Ocean New Media, Inc., and Thomas Mohler ("Olympusat Defendants") and the Olympusat Defendants accepted its tender.   Based on the Olympusat Defendants' agreement for indemnification as to Tubi, the parties agreed to transfer this case to this District, and the Plaintiff agreed to dismiss Tubi without prejudice before the transfer, thereby, leaving the Olympusat Defendants as the only remaining defendants in this case.  *See generally* Doc. 26; *see also* Doc. 27 at pp. 2–3. *See generally* Doc. 26; *see also* Doc. 27 at pp. 2–3.  Given the parties' stipulations, the Plaintiff acknowledged Tubi's dismissal pursuant to Fed. R. Civ. P. (a)(1)(A)(ii) via email on January 11, 2024.

17.    Based on the reliance of statements by Plaintiff in the California case and as stated above, Tubi did not file in opposition to the Plaintiff's Motion for Leave to File its Second Amended Complaint to add Tubi again as a defendant. See Doc. 58. Thus, due to the parties' stipulation and the court's record, Plaintiff lacks standing to assert its claims against Tubi in this case.

**SIXTEENTH AFFIRMATIVE DEFENSE**
(Reservation to Amend)

18.    Tubi hereby gives notice that it intends to rely upon any other defense or claim that may become available or appear during the discovery proceedings and hereby reserves its right to amend its Answer and/or Counterclaim to assert any such claim or defense.

**PRAYER FOR RELIEF**

WHEREFORE, Tubi prays for relief as follows:

1.    That the Second Amended Complaint be dismissed, with prejudice and in its entirety as to Tubi;

21

2.      That Plaintiff take nothing by this action, and that judgment be entered against Plaintiff and in favor of Tubi;

3.      That Tubi be found a prevailing party and awarded its reasonable attorneys' fees and costs incurred in defending this action pursuant to 17 U.S.C. § 505; and

4.      That Tubi be granted such other and further relief as the Court may deem just and proper.

DATED this 10th day of April 2024.

**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP.**

By:    _/s/ Jura C. Zibas_
        Jura C. Zibas, Esq.
        Florida Bar No.: 124571
        2063 Main Street - Suite 100
        Sarasota, FL  34237
        Telephone: 941-866-8561
        Fax:        941-210-5979
        Jura.Zibas@wilsonelser.com
        Cheryl.Kujawski@wilsonelser.com

        Leia V. Leitner, Esq.
        Florida Bar No:  0105621
        111 N. Orange Avenue, Suite 1200
        Orlando, Florida 32801
        Telephone: 407-423-7287
        Fax:        407-648-1376
        Leia.leitner@wilsonelser.com
        Alejandra.Boscan@wilsonelser.com

        *Attorney for Defendant*
        *TUBI, INC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10, 2024, I filed the foregoing document with the Clerk of the Court via CM/ECF and the CM/ECF system, which will send a notice of electronic filing to all counsel and parties of record.

**Joel Benjamin Rothman, Esq.**
**Craig A. Wirth, Esq.**

**SRIPLAW**
*Counsel for Plaintiff*
*LIVN Worldwide, Ltd*
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
Main: (561) 404-4350
Direct: (561) 990-2474
Joel.Rothman@sriplaw.com
Craig.Wirth@sriplaw.com

**Trevor W. Barrett, Esq.**
**Scott Alan Burroughs, Esq.** *(pro hac vice)*
**Frank R. Treschel, Esq.** *(pro hac vice)*
**DONIGER BURROUGHS**
*Counsel for Plaintiff*
*LIVN Worldwide, Ltd*
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Tbarrett@donigerlawfirm.com
Scott@donigerlawfirm.com
Ftreschsel@donigerlawfirm.com

*s/ Jura C. Zibas*
Jura C. Zibas