UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

LIVN WORLDWIDE, LTD.,
a Mauritius limited company,

       Plaintiff,                                  Case No. 9:23-cv-81515-DMM

v.

OLYMPUSAT HOLDINGS, INC., *et. al.*
       Defendants.
_____/

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY DOCUMENT AND PRODUCTION

Defendants, OLYMPUSAT HOLDINGS, INC., a Florida corporation; OLYMPUSAT, LLC, a Florida limited liability company; OLYMPUSAT, INC., a Florida corporation; THOMAS MOHLER, an individual; OCEAN NEW MEDIA, LLC, a Florida limited liability company; TUBI INC., a Delaware corporation; PLUTO, INC., a Delaware corporation; CANELA MEDIA, INC. a Delaware corporation (collectively "Defendants"), files this Memorandum of Law in Opposition to Plaintiff, LIVN WORLDWIDE, TLD ("Plaintiff")'s Motion to Compel, and states as follows:

**I.**       **Introduction.**

Plaintiff's Motion to Compel neglects to include a fundamental principle of discovery—it must be relevant. *See* Fed. R. Civ. P. 26(b)(1). Requests must be tailored to the issues raised in the operative Complaint. The issues pled are narrow, and discovery should be streamlined as the crux of the claims at hand are whether a) Plaintiff has valid copyright protection over the Licensed Series, b) whether Defendants published the Licensed Series[1] outside the licensed territories, and c) Plaintiff's claim for actual damages. Yet Plaintiff—a competitor media content company—

---

[1] "Licensed Series" refers to the TV Series Shows referenced in the Second Amended Complaint—Doc. 64 at ¶2.

1

requested information outside this proceeding, including Defendants' "internal codes for media content," "total revenues" unrelated to the Licensed Series, and for "all projects" for the last five years. This is beyond the scope of permissible discovery. Defendants have complied with their discovery obligations to the full extent under the Federal Rules, serving *hundreds* of documents, attending two meet-and-confer conferences to address the Plaintiff's concerns, and supplementing their production after conferring on the issues. Thus, Plaintiff's Motion is due to be denied, along with their request for sanctions, as Defendants' objections were substantially justified, and an award of expenses would be unjust in view of Plaintiff's[2] own discovery deficiencies.

## II.   Request for Production[3]

### a.   Defendants Responded Fully to Request Nos. 1–84 and Asserted Valid Objections

In the operative complaint, Plaintiff asserts direct and contributory infringement and breach of contract against Defendants for allegedly distributing the Licensed Series outside the licensed territories. Turning to the document requests, Defendants searched and produced all relevant documents responsive to the complaint: (1) whether Defendants published the Licensed Series outside the Licensed Territories; and (2) Plaintiff's claim for actual damages relevant to this topic. To this end, Defendants produced hundreds of relevant, responsive, and non-privileged documents in its possession, custody, or control in response to Plaintiffs' Request Nos. 1–84.

Specifically, Defendants produced the 2019 and 2021 licensing agreements, sublicensing agreements, advertising and promotional materials, and communications concerning the Licensed

---

[2] Defendants have apprised Plaintiff of various deficiencies in its production since June of 2024, inclusive of a failure to provide verified responses to Defendants' First Set of Interrogatories, insufficiently responding to Defendants' Request for Admissions by asserting lack of knowledge without reasonable inquiry, deferring to Plaintiff's production in responses to Defendants' interrogatories without identification of the documents. Plaintiff has most recently engaged in "document dump" tactics, leaving Defendants to sort through hundreds of documents to determine which are responsive to which request.

[3] Plaintiff served identical requests for productions to each Defendant, except Olympusat Holdings, Inc. where the requests were misnumbered.

Series between the Parties, in response to Request Nos. 1–2 (requests for rights to the License Series), 6–7 (agreements and advertising and promotional materials for the licensing series), 12 (copyright infringement demand and response letters), 14–16 (agreements between Plaintiff and Ocean New Media), 23–25 (licensing agreements and communications regarding the Licensed Series), 35 (agreements regarding the Licensed Series), and 45–46 (access and ownership of the Licensed Series.

Plaintiffs' discovery requests were purposely overbroad and vague, which can only be considered a "fishing expedition" seeking information from a competitor. For example, Plaintiffs take its overbroad defined term, "Accused Works," and use it throughout their discovery requests. In doing so, Plaintiff demanded the Defendants to respond to these discovery requests based on an incredibly broad interpretation of the works at issue and demand that Defendants admit it published "unauthorized dubbed versions" outside the licensed territories. This is not a Request for Admission, and Plaintiffs cannot use their Request for Production as a tool to prove their case by using overbroad definitions. Similarly, Defendants also stand by their objections to Request Nos. 1–2, 9, 11, 16, 19–21, 26–34, 36, 38, 40–4, 47–49, and 52–84 because the requests seek "all" offers, sales, marketing, and profit and loss, and uses for the vaguely defined term "Accused Works." Defendants stand by their objection to Request No. 3 seeking documents to Defendants' "total revenue" for "any project" as equally vague and overbroad. Finally, Defendants maintain their objections to Request No. 5, seeking all "total revenue" for the last five years.

Further, Plaintiffs requested Defendants' financial information in Request Nos. 3, 8, 11, 30, 43, 47, 48, 54–58, which exceeds the scope of discovery for the claims and defenses asserted in this action. Fed. R. Civ. P. 26(b)(1). *Zorn v. Principal Life Ins. Co.*, No. CV 609–081, 2010 WL 3282982, at *2 (S.D. Ga. Aug. 18, 2010). Plaintiffs argue that actual or disgorgement of profit damages can be elected in a copyright action and, thus, discoverable. This is inaccurate. As a

threshold matter, copyright owners who seek indirect profits "must show a causal connection between the indirect profits sought and the alleged copyright infringement.". *Fodere v. Lorenzo*, 2011 U.S. Dist. LEXIS 10908 *2 (S.D. Fla., Feb. 04, 2011). In the operative complaint, Plaintiff asserts claims against Defendants for direct and contributory infringement for allegedly distributing the program titles outside the licensed territories. Doc. 64 at ¶54–59. Missing from the Plaintiff's papers is *how* the Defendants' free service to FreeTV, Pluto, Canela, or Tubi's app and web player provides a financial benefit directly caused by Defendants' alleged copyright infringement. The users have a free account for FreeTV, Pluto, Canela, or Tubi's app and web player, regardless of whether they have accessed the Licensed Series. The Defendants obtain a financial benefit from advertisements displayed on the program titles.

Simply put, a free account to Defendants' online streaming services would not constitute a direct financial interest such that gross profits would be available given the facts of this case. Plaintiff has not alleged a direct financial benefit from distributing the program titles and a user's decision to sign up for a free account to access FreeTV, Pluto, Canela, or Tubi's app or web player. *Coach, Inc. v. Hubert Keller, Inc.*, 911 F. Supp. 2d 1303, 1309 (S.D. Ga. 2012) (holding that plaintiff's motion to compel production of the flea market's tax returns and other financial information was denied on relevancy grounds under Fed. R. Civ. P. 26 because such information would not prove ill-gotten profits damages under 17 U.S.C.S. § 504). Plaintiffs must *allege*—not prove—a causal connection between the infringement and the profits claimed—which has not been done here. Thus, Plaintiff is not entitled to Defendants' gross profit information in discovery.

To narrow the issues further, Plaintiff asserts that the Licensed Series are foreign works exempt from copyright registration. Doc. 64 at ¶53. *See, e.g., Football Association Premier League Ltd. v. YouTube Inc.*, 633 F. Supp. 2d 159, 162-63 (S.D.N.Y. 2009) (dismissing statutory damages for all foreign works not registered in the United States). Because Plaintiff has alleged

the Licensed Series is unregistered, Plaintiff is not entitled to statutory damages. As such, Plaintiffs are not entitled to profit information related to statutory damages in discovery.

Finally, Plaintiff claims that the Defendants have failed to produce information regarding the "geofencing documents." Defendants have been working with its in-house IT department to provide documents responsive to the Plaintiffs' request; however, these documents are not kept in the course and scope of Defendants' business and need to be created. *See* Fed. R. Civ. P. 34(a)(1); *Kaplan v. Kaplan*, 2:10-CV-00237-CEH-SPC, 2010 U.S. Dist. LEXIS 148006, 2010 WL 11474437, at *1 (M.D. Fla. Oct. 8, 2010) ("Rule 34 only requires production of documents already in existence."). Due to the complexities of the "geofencing" documents, Plaintiff's discovery requests essentially seek an expert report to discuss the technology. This is improper. Regardless, Defendants informed Plaintiff that they would provide an expert report.

**III.   Interrogatories: Defendants' Answers Are Sufficient and Valid Objections.**

In the same vein, Plaintiffs crafted their Interrogatories[4] to exceed the scope of discovery by repeatedly employing the ambiguous definitions of "Accused Work." Plaintiffs took their overbroad defined term "Accused Work" and peppered it through Plaintiffs' Interrogatories. In this regard, Defendants stand by their objections to Interrogatory Nos. 1, 2, 4–6, 10–12, and 19. In addition, Defendants stand by their objections to Interrogatory Nos. 17–18 requesting "internal codes" used for the Licensed Series as unclear.  As to Interrogatory Nos. 3, 6–7, 9, 13–16, and 20–21, Defendants have produced the documents to which the answer to these requests could be obtained and ascertained under Fed. R. Civ. P. 33(d).

**IV.   Conclusion**

Defendants have adequately responded to the Plaintiff's discovery requests and asserted valid objections. Defendants have raised the issues above with the Plaintiffs during their

---

[4] Plaintiffs served identical interrogatory questions to each Defendant.

substantive meet-and-confer conferences to discuss the proper scope of discovery. Plaintiffs simply ignore and double down the fact that the Defendants' responses are deficient. This is not proper. Defendants have supplemented, and continue to supplement their responses, to Plaintiff's discovery requests in good faith; thus, Plaintiff's Motion is due to be denied.

DATED this 9th day of September 2024.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP.**

By: /s/ Leia V. Leitner
Leia V. Leitner, Esq.
Florida Bar No: 0105621
111 N. Orange Avenue, Suite 1200
Orlando, Florida 32801
Telephone: 407-423-7287
Fax: 407-648-1376
Leia.leitner@wilsonelser.com
Alejandra.Boscan@wilsonelser.com

Jura C. Zibas, Esq.
Florida Bar No.: 124571
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone: 941-866-8561
Fax: 941-210-5979
Jura.Zibas@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2024, I filed the foregoing document with the Clerk of the Court via CM/ECF and the CM/ECF system, which will send a notice of electronic filing to all counsel and parties of record.

/s/ Leia V. Leitner
Leia V. Leitner