UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:23-cv-81515-DMM

LIVN WORLDWIDE, LTD.,

    Plaintiff,

v.

OLYMPUSAT HOLDINGS, INC., et al.,

    Defendants.

_____/

## **PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

Plaintiff, LIVN Worldwide, Ltd. ("LIVN"), respectfully requests that the Court enter the proposed Protective Order allowing for the video deposition of Nadeem Sham, the LIVN CEO. Specifically, LIVN seeks an order protecting Sham, who lives overseas in Mauritius, from being required to appear in-person in Florida. Sham should be deposed remotely in line with all other depositions in this matter and as the parties agreed at the outset.

The parties further met-and-conferred regarding this request at length via telephone on October 28, 2024. Id. During the conference, LIVN's counsel reiterated that the parties had agreed to video depositions at the outset of the case, Sham has health issues, and the cost and burden of forcing Sham to travel halfway around the world for an in-person deposition greatly outweighs the benefits of that deposition. LIVN's counsel also reminded defense counsel that Defendants had failed to provide dates for Defendant's depositions and had unilaterally canceled one of the Defendants' depositions without providing an alternate date. LIVN's counsel proposed that all depositions be done by video to facilitate scheduling Defense counsel then requested copies of Sham's medical documents, which Sham offered to make available to the court for *in camera* review. **Ex. 5**. Defense counsel then refused to consent to video depositions, taking the position that Sham should appear in person while requesting that Defendants be deposed by video. The request should be granted, as follows:

### I.      Background

This case involves numerous parties in different locations around the globe. The parties conferred in July of this year and agreed that all depositions in this matter would be taken remotely based on the parties' locations and to spare all parties unnecessary costs. A true and correct copy of the written confirmation of this agreement is attached hereto as **Ex. 1**.

Sensing an advantage, Defendants now refuse to honor this agreement and are demanding that Sham travel to a Florida that Defendants unilaterally determined. While demanding that Sham appear in person, Defendants insist that their deposition be taken remotely, citing a desire to avoid incurring costs. The costs, fees, and difficulties of travel for Sham, who has health issues and lives in Mauritius, make conducting an in-person deposition highly impractical. Defendants have rebuffed LIVN's proposal that all depositions proceed via video and asserted that Sham be deposed in person despite the burden. True and correct copies of email correspondence documenting these exchanged are attached hereto as **Ex. 2**.

On October 15, 2024, while Plaintiff's counsel was engaged in a trial delayed by Hurricane Milton, Defendants served a notice for an in-person deposition of Sham at the offices of Defendants' counsel for October 25, 2024, just 10 days after the notice was served. A true and correct copy of this notice is attached hereto as **Ex. 3**. The delay in this trial has also impacted Plaintiff's counsel's availability to travel to Florida for an in-person deposition. Defendant Thomas Mohler's deposition was set by agreement for October 30, 2024 but defense counsel unilaterally canceled that deposition without providing a replacement date, which further exacerbated the scheduling issues caused by Plaintiff's new insistence on in-person depositions.

**II.     Legal standard and argument**

Under Rule 26(c), a court is permitted, "for good cause, to issue protective orders in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Marrero Enterprises of Palm Beach, Inc. v. Estefan Enters., Inc.*, No. 06-81036-CIV, 2009 WL 3048698, at *2 (S.D. Fla. Sept. 18, 2009) (quoting Fed. R. Civ. P. 26(c)(1)). This included protective orders regarding the location or means of depositions. Courts find good cause "[i]f a plaintiff demonstrates 'hardship or burden that outweighs any prejudice to the defendant,

3

the general rule requiring a plaintiff to appear for deposition in the forum may yield to the exigencies of the particular case.'" *Brand Q, Inc. v. Jung GMBH Ltd. Liab. Co.*, No. 22-80769-CIV, 2022 WL 17324238, at *3 (S.D. Fla. Nov. 29, 2022)(citation omitted). And "Rule 26 authorizes the Court to order that a plaintiff's deposition [or examination] be taken in a different location, or by alternative means, if he demonstrates the requisite good cause." *Est. of Dash by & through Dash v. United States*, No. 22-80015-CIV, 2022 WL 2208892, at *3 (S.D. Fla. June 21, 2022). Good cause depends upon the "exigencies of the particular case." See *Id.*[1]

**Inconvenience:** The inconvenience to not only Sham but all parties would be immense if Sham were required to appear in-person in Miami. Sham resides in the Republic of Mauritius, which is an island country in the Indian Ocean, more than 1,000 nautical miles from East Africa. Travel from there to Miami or West Palm Beach would require *days* of travel and multiple connecting flights. The extreme travel time and cost required to get Sham from Mauritius to Miami would substantially inconvenience all parties. Sham is also currently recovering from a health issue, making any travel difficult, let alone international travel over the course of multiple days. LIVN's counsel will also be forced to travel from New York. The extreme travel time and cost would also substantially interfere deposition scheduling, which has already proved difficult.

**Difficulty of transportation**: The difficulty of traveling from Mauritius to Miami for an in-person deposition is massive. Sham could only travel to an in-person deposition in Miami or West Palm Beach by air travel requiring multiple stops and potential accommodations for Sham's health condition, and Sham would have extremely limited and very expensive options.

---

[1] In deciding this issue, courts consider (1) inconvenience, (2) difficulty of traveling to a particular location, (3) the costs associated with the deposition, (4) whether a particular location would prove more efficient or more expeditious, and (5) whether sufficient alternatives exist, "such as a telephonic deposition, submission of written questions, or a video conference." See *DeepGulf, Inc. v. Moszkowski*, 330 F.R.D. 600, 609–10, (N.D. Fla. 2019).

Indeed, flying from Mauritius to Maimi requires between 24 to 40 hours of travel and can only be done on a limited number of airlines with limited options and travel windows. See **Exhibit 4**.

**Costs:** Flying from Mauritius to Florida would entail multiple stops and be incredibly expensive. For Sham to appear in person would require him to book international airline tickets and incur prices for flights, hotels, and cars that will be inflated even further due to the holidays, with minimal time for Sham to research alternative books or compare prices. Based on our research conducted in the limited time available, appearing in-person in Miami or West Palm Beach would cost Sham upwards of $5,000 for the flights *alone*. See **Ex. 4**. This is before considering the cost of booking a hotel and dining at restaurants for multiple days. Moreover, LIVN's counsel would have to fly from New York to Florida to attend the deposition, adding even more costs. And Defendants, whose witnesses are *in* the U.S., have demanded that their witnesses be deposed remotely to avoid "unnecessary costs and fees" and to accommodate their schedules. **See Ex. 3**. This was one basis for the parties' agreement to hold depositions remotely.

**No prejudice**: Defendants' only given basis for refusing to allow remote depositions is the general rule of holding depositions within the district, but that general rule excepts situations like this one where the plaintiff "demonstrates 'hardship or burden that outweighs any prejudice to the defendant.'" *Dude v. Cong. Plaza, LLC*, No. 17-80522-CIV, 2018 WL 1009263, at *1 (S.D. Fla. Feb. 20, 2018), quoting *Trims v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 699 (S.D. Fla. 2008). Here the burden is massive and the prejudice is nonexistent. To be sure, Defendants have not identified any prejudice in multiple meet-and-confer calls and correspondence. They cannot as they initially agreed to remote depositions.[2] Defendants cannot

---

[2] Defendants' counsel has cited in support of its position only *Brand Q, Inc. v. Jung GMBH Ltd. Liab. Co.*, but the defendant there argued that it would be prejudiced by a remote deposition

claim any prejudice from Sham being deposed by video because they themselves have demanded that their witnesses testify via video. LIVN's cost and burden would greatly outweigh any prejudice even if some did exist.

Good cause exists to enter an order allowing Sham to testify via video and not be saddled with the cost and burden of traveling halfway around the world at a time when he is recovering from health issues at home. Forcing him to travel would cause him to endure immense personal hardship and incur the tremendous financial burden of spending thousands of dollars on international flights and accommodations to appear in Miami or West Palm Beach during the holiday season. In contrast, Defendants have failed to identify any real prejudice from the now-standard video deposition process. Because the immense hardship to Sham from proceeding in-person in Florida plainly outweighs the minimal, if any, prejudice to Defendants from proceeding with the deposition remotely, this court should grant this motion and order that Sham's deposition be conducted via video just like every other deposition in this matter.

LIVN certifies that it conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so, as required by S.D. Fla. L.R. 7.1(a)(3). Burroughs Decl. ¶3.

Respectfully submitted,

DATED: October 31, 2024

*/s/Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No.: 98820
joel.rothman@sriplaw.com
SRIPLAW, P.A.
21301 Powerline Road, Suite 100
Boca Raton, FL 33433

---

because the central dispute in that case required the comparison of two *physical* products, which could not be done at a remote deposition. *Brand Q, Inc. v. Jung GMBH Ltd. Liab. Co.*, No. 22-80769-CIV, 2022 WL 17324238, at *4 (S.D. Fla. Nov. 29, 2022). There is no such issue here as there is no dispute that the infringing content at issue is identical to LIVN's content.

Telephone: (561) 404-4350
Fax: (561) 404-4353

Scott Alan Burroughs, Esq.
(Admitted Pro Hac Vice)
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
scott@donigerlawfirm.com

*Attorneys for Plaintiff LIVN Worldwide, Ltd.*