UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-81515-MATTHEWMAN

LIVN WORLDWIDE, LTD.,

    Plaintiff/Counter-Defendant,

v.

OLYMPUSAT HOLDINGS, INC., et al.,

    Defendants/Counterclaimants.

_____/

**ORDER DENYING PLAINTIFF LIVN WORLDWIDE, LTD.'S
MOTION FOR ENTRY OF PROTECTIVE ORDER [DE 111]**

THIS CAUSE is before the Court upon Plaintiff LIVN Worldwide, LTD.'s ("Plaintiff") Motion for Entry of Protective Order ("Motion") [DE 111]. The Motion is ripe for review. *See* DEs 113, 114. The Court heard argument on the Motion at the November 6, 2024 hearing and is otherwise fully advised in the premises.

    **I.**    **MOTION, RESPONSE, AND REPLY**

Plaintiff moves for a protective order "allowing for the video deposition of Nadeem Sham, [Plaintiff's] CEO" and Federal Rule of Civil Procedure 30(b)(6) corporate representative. [DE 111 at 2]. Plaintiff specifically requests that Mr. Sham, who lives overseas in the Republic of Mauritius, be protected from being required to appear in person in Florida to be deposed. *Id.* Plaintiff argues there is good cause to enter a protective order under Federal Rule of Civil Procedure 26(c) due to the following: 1) travel to this district would be inconvenient for Mr. Sham because such travel would take days; 2) travel would also be difficult given the multiple connecting flights and Mr. Sham's alleged health condition; 3) the cost for the travel would be high as the flights alone would cost $5,000; and 4) any prejudice to Defendants is nonexistent. *Id.* at 4–5.

1

In response, Defendants cite numerous cases that required foreign or nonresident plaintiffs to appear in person for a deposition. *See* DE 113 at 3–5. Further, at the hearing, Defendants stated that they would be prejudiced if Mr. Sham were to be deposed remotely because Defendants seek to question Mr. Sham's credibility regarding alleged fabricated digital evidence. Further, Defendants argued at the hearing that Plaintiff seeks $11.5 million in damages, outweighing the alleged $5,000 flight cost to this district.

In reply, Plaintiff asserts that Defendants will not be prejudiced by having Mr. Sham review digital evidence at a digital deposition. [DE 114 at 4]. Plaintiff also reiterates the "substantial hardship" Mr. Sham would face if required to appear in this district. *Id.* at 3.

## II.     ANALYSIS

"The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum." *Dude v. Cong. Plaza, LLC*, No. 17-80522-CIV, 2018 WL 1009263, at *1 (S.D. Fla. Feb. 20, 2018) (quoting *Levick v. Steiner Transocean Ltd.,* 228 F.R.D. 671, 672 (S.D. Fla. 2005)). In accordance with this general rule, "a plaintiff must make herself available for deposition in the judicial district in which she filed suit." *Sarac v. Univ. of S. Fla. Bd. of Trs.*, No. 18-cv-02485-T30-SPF, 2020 WL 97782, at *2 (M.D. Fla. Jan. 8, 2020).

However, "[i]t is well settled that the district court has great discretion in designating the location of taking a deposition." *Partecipazioni Bulgari, S.p.A. v. Meige*, No. 86-2516-CIV-RYSKAMP, 1988 WL 113346, at *1 (S.D. Fla. May 23, 1988). "This discretion stems from Rule 26(c), 'which allows a court, for good cause, to issue protective orders in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Marrero Enters. of Palm Beach, Inc. v. Estefan Enters., Inc.*, No. 06-81036-CIV, 2009 WL 3048698, at *2 (S.D. Fla. Sept. 18, 2009) (quoting Fed. R. Civ. P. 26(c)(1)). The "general rule that a plaintiff must

sit for deposition in the forum in which he filed suit 'gives way if the plaintiff can show undue burden or hardship.'" *Marrero Enters.*, 2009 WL 3048698, at *2 (quoting *Levick,* 228 F.R.D. at 672). If a plaintiff demonstrates "hardship or burden that outweighs any prejudice to the defendant, the general rule requiring a plaintiff to appear for deposition in the forum may yield to the exigencies of the particular case." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 699 (S.D. Fla. 2008) (quoting *Luna v. Del Monte Fresh Produce (Se.), Inc.,* 2007 WL 1500269 at *2 (N.D. Ga. May 18, 2007)).

"Rule 26 authorizes the Court to order that a plaintiff's deposition be taken in a different location, or by alternative means, if he demonstrates the requisite good cause." *Larry E. Hogue v. John H. McHugh, Sec'y, Dep't of the Army*, No. 11-22405-CIV, 2012 WL 13064092, at *2 (S.D. Fla. Dec. 3, 2012) (citing Fed. R. Civ. P. 26(c)(1)). "Absent a showing of good cause, the Court will apply the general rule, and the plaintiff will be deposed in the forum where the action is pending." *Id.* "To make a showing of good cause, the movant has the burden of showing the injury 'with specificity.'" *Trinos*, 250 F.R.D. at 698 (quoting *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000)). "[T]he party seeking the protective order must show good cause by demonstrating a particular need for protection." *Id.* (citing *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* "As to what constitutes good cause sufficient for the general rule to 'yield to the exigencies of the particular case,' the Court may consider the amount of a plaintiff's requested damages, the cost of traveling to the location of the deposition or examination relative to the size of the plaintiff's claim, and the risk of a plaintiff losing his or her job in order to appear for any deposition or examination, among other relevant inquiries. *Estate of Dash by and through Dash v. United States*, No. 22-80015-CIV, 2022 WL 2208892, at *4 (S.D.

Fla. June 21, 2022).

Here, the Court finds that Plaintiff has not met its burden in establishing good cause under Rule 26. First, the Court notes that the Undersigned has repeatedly required out-of-state or foreign plaintiffs to appear in person for a deposition. *See Dude*, 2018 WL 1009263; *Estate of Dash*, 2022 WL 2208892; *Brand Q, Inc. v. Jung GMBH Ltd. Liab. Co.*, 22-80769-CIV, 2022 WL 17324238 (S.D. Fla. Nov. 29, 2022). It is this Court's belief that absent a good cause showing, a Plaintiff who elects to file a lawsuit in the Southern District of Florida, or who agrees to the transfer of the case from another federal district to the Southern District of Florida, should be required to attend their deposition in-person in this district. It is clear from the record that Plaintiff stipulated and agreed to transfer this case from the United States District Court for the Central District of California to this district. [DE 28]. Plaintiff voluntarily avails itself of this jurisdiction and seeks relief from this Court in this district, and therefore it is proper and appropriate that Plaintiff's corporate representative sit for deposition in-person in this district.

Second, the Court takes issue with the alleged inconvenience and difficulty associated with Mr. Sham having to travel to this district. Mr. Sham is the CEO and corporate representative for Plaintiff. As conceded by Plaintiff at the November 6, 2024 hearing, Mr. Sham recently traveled to London. Surely if Mr. Sham can make it to London, he can come to the district where Plaintiff's case is pending. Also, while the Court may consider "the amount of a plaintiff's requested damages, [or] the cost of traveling to the location of the deposition . . . relative to the size of the plaintiff's claim," *Estate of Dash*, 2022 WL 2208892, at *4, the Court finds Plaintiff's argument regarding the high cost for travel unavailing. The amount in controversy here is allegedly $11.5 million. Thus, Plaintiff's potential damages greatly outweigh the alleged travel costs.[1]

---

[1] As noted previously, Plaintiff also argues that Mr. Sham has health concerns that would make it difficult for him to travel here. [DE 111 at 4]. However, Plaintiff never substantiated Mr. Sham's health concerns in the Motion or Reply.

Third, the Court finds that Defendants would be prejudiced if not allowed to depose Mr. Sham in person. Defendants are entitled to an in-person deposition to effectively and fully examine Mr. Sham, Plaintiff's Rule 30(b)(6) witness(es), especially given the alleged fabrication of evidence claim made by Defendants against Plaintiff. *See Brand Q, Inc.*, 2022 WL 17324238, at *5. Thus, Plaintiff's alleged undue burden, hardship, or expense for Mr. Sham does not outweigh the prejudice that would befall Defendants if Defendants were unable to take the deposition of Plaintiff's Rule 30(b)(6) corporate representative(s) in-person in this district.

### III.     CONCLUSION

In light of the foregoing, it is **ORDERED** as follows:

1. Plaintiff's Motion for Entry of Protective Order [DE 111] is **DENIED**.

2. In light of the upcoming discovery deadline and the travel Mr. Sham will have to conduct to arrive in this district, the Court will allow extra time for Defendants to take Mr. Sham's deposition. Defendants shall have up to **December 2, 2024** to take Mr. Sham's deposition. The Court expects and requires the parties to work out the dates and locations of all depositions forthwith and conclude them in a timely manner as dictated by this Court's orders. The Court will not countenance any further delays of Plaintiff's 30(b)(6) deposition(s).

---

*See* DEs 111, 113. Also, at the hearing, Plaintiff's counsel stated that he had records of Mr. Sham's medical condition. However, Plaintiff's counsel would not share the records with Defendants. Thus, the Court will not consider the records if Defendants cannot test their authenticity. Therefore, the Court finds Plaintiff's argument unconvincing. *See Marrero Enters.*, 2009 WL 3048698, at *3 ("[The deponent] requests the indulgence of being deposed in Mexico despite not having provided evidence as to his current state of health. The Court is unwilling to accommodate [the deponent] in this regard because he has provided no substantiation of his alleged current health problems.").

5

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 8th day of November 2024.

*[signature: William Matthewman]*

WILLIAM MATTHEWMAN
United States Magistrate Judge